LEGAL SERVICES OF NORTHERN CALIFORNIA
STEPHEN E. GOLDBERG, State Bar No. 173499
JOHN F. GIANOLA, State Bar No. 153228
619 North Street
Woodland, CA 95695
Telephone:    (530) 662-1065
Facsimile:    (530) 662-7941

LEGAL SERVICES OF NORTHERN CALIFORNIA
MONA TAWATAO, State Bar No. 128779
515 12th Street
Sacramento, CA  95814
Telephone:  (916) 551-2150
Facsimile:   (916) 551-2196

CHRISTOPHER BRANCART, State Bar No. 128475
BRANCART & BRANCART
Post Office Box 686
Pescadero, California 94060
Telephone: (650) 879-0141
Fax: (650) 879-1103

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CHRISTINE SAVALA and ANDREA OUELLETTE,** <br><br> Plaintiffs, <br><br> v. <br><br> **ALPHONSO JACKSON, Secretary, United States Department of Housing and Urban Development; UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT,** <br><br> **Defendants.** | Case No. CIV-S-06-0584 LLK PAN <br><br> REQUEST FOR DISMISSAL OF ACTION WITHOUT PREJUDICE PURSUANT TO AGREEMENT BY HUD TO RESOLVE MATTER; and ORDER |

On March 20, 2006, plaintiffs filed the complaint in this action, challenging a final agency action by the United States Department of Housing and Urban Development (HUD). Specifically, in a Notice of Funding Application for permanent supportive housing programs, dated March 21 2005, HUD changed the definition of homeless for purposes of eligibility for the Shelter Plus Care

program. Under that change, HUD mandated that persons who previously resided in a rehabilitation or treatment program were not considered "homeless" for purposes of the Shelter Plus Care program, and therefore were ineligible for permanent supportive housing under that program. In their complaint, plaintiffs contend that HUD's new policy is invalid because (1) it was not promulgated in accordance with the Administrative Procedures Act; (2) it violates the governing statutory definition of homeless for permanent supportive housing programs; and (3) it constitutes discrimination against persons with disabilities in violation of the Fair Housing Act.

On April 5, 2006, following the filing of the complaint, plaintiffs received a letter, dated March 30, 2006, from Mark Johnston, HUD's Acting Deputy Assistant Secretary for Special Needs. In that letter, a copy of which is attached hereto, Mr. Johnston states that HUD did not intend the final agency action challenged by plaintiffs and that HUD would take corrective action to address the concerns identified by plaintiffs. Based upon that representation, plaintiffs hereby request that the complaint in this action be dismissed without prejudice.

Dated: May ____, 2006.

        Respectfully submitted,

        LEGAL SERVICES OF NORTHERN
         CALIFORNIA

        BRANCART & BRANCART

        /signature on original
        Christopher Brancart
        Brancart & Brancart
        Attorney for Plaintiffs

ORDER

Based upon the foregoing statement, and good cause appearing therefor, this action is hereby dismissed without prejudice.

Dated: May 4, 2006.

        /s/Lawrence K. Karlton
        Hon. Lawrence K. Karlton
        U.S. District Judge

# PROOF OF SERVICE

I am over the age of 18 and am not a party to the within action. My business address is 8205 Pescadero Road, Loma Mar, California 94021.

On May ____, 2006, I served a true and correct copy of the following document(s):

**REQUEST FOR DISMISSAL OF ACTION WITHOUT PREJUDICE PURSUANT TO AGREEMENT BY HUD TO RESOLVE MATTER; [PROPOSED] ORDER**

upon the following person(s):

Mr. Stephen E. Goldberg, Legal Services of Northern California, 619 North Street, Woodland, CA 95695; and,

Ms. Mona Tawatao, Legal Services of Northern California, 515 -- 12th Street, Sacramento, CA 95814

|    |    |
|----|----|
|    | **BY HAND DELIVERY**: By causing such document(s) to be delivered by hand to the above person(s) at the address(es) set forth above. |
| XX | **BY MAIL**: By placing a copy thereof enclosed in a sealed envelope, with postage thereon fully prepaid, in the United States mail at Loma Mar, California, addressed as set forth above. |
|    | **BY THIRD-PARTY COMMERCIAL CARRIER (OVERNIGHT DELIVERY)**: By delivering a copy thereof to a third-party commercial carrier, addressed as set forth above, for delivery on the next business day. |
|    | **BY FACSIMILE**: By transmitting the above document(s) to the facsimile number(s) of the addressee(s) designated above. |

I certify that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on May ____, 2006, at Loma Mar, California.

_____
Katja M. Thomas